IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK WHITE, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | |
| v. | Complaint – Class Action |
| 1 PERSON AT A TIME, LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff Mark White ("Plaintiff"), individually and on behalf of all similarly situated employees, brings this Class/Collective action lawsuit against 1 Person At A Time, LLC ("Defendant"), seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1, *et seq.*  Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. Under applicable federal and state employment laws, all employees are entitled to overtime compensation at a rate of one and a half times the employee's regular rate of pay for all hours in excess of 40 per workweek, unless statutorily exempt.

2. Defendant regularly required Plaintiff and other similarly situated individuals to work in excess of 40 hours per week and failed to pay the correct amount of premium overtime compensation.

3. Such conduct is in violation of the applicable state and federal wage and hour laws.

4. Plaintiff brings this lawsuit on behalf of himself and all those similarly situated to address Defendant's illegal pay practices.

## PARTIES

5. Plaintiff Mark White is a resident of the Commonwealth of Pennsylvania who began his employment for Defendant around September of 2016. Although his employment has not been terminated as of the date of this complaint, he has not been assigned to any of Defendant's clients since July 20, 2017 and has not worked for Defendant since then.

6. Plaintiff's employment consisted primarily of assisting individuals with daily activities (such as dressing, grooming, feeding, bathing, toileting and transferring) and instrumental activities of daily living (such as meal preparation, driving, light housework, managing finances, assistance with the physical taking of medications and arranging medical care).

7. Plaintiff consents in writing to be Plaintiff in this action and will file an executed consent to sue form.

8. Upon information and belief, Defendant 1 Person At A Time, LLC, is a Pennsylvania corporation having a principal place of business at 201 S Highland Avenue, Pittsburgh, PA 15206.

9. Defendant is a healthcare service provider that employs individuals to provide home healthcare services to Defendant's clients.

10. At all relevant times Defendant has transacted business, including the employment of home healthcare workers, within the Commonwealth of Pennsylvania, including within this district.

## JURISDICTION AND VENUE

11. This Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 201 *et seq*.

12. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts as the Fair Labor Standards Act claims.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district..

## FACTUAL ALLEGATIONS

14. The crux of the FLSA and Pennsylvania state law is that all employees are entitled to be paid mandated minimum wages for all hours worked and premium overtime compensation at a rate of one and a half times the regular rate of pay for all hours worked in excess of 40 hours per workweek.

15. Contrary to these basic protections, Defendant improperly deprived Plaintiff and other similar workers of the correct amount of premium overtime compensation for all hours worked in excess of 40 per workweek.

16. There are no exemptions, under the FLSA or Pennsylvania law, which apply to Plaintiff's employment with Defendant.

17. Until around March 2017, Defendant implemented a uniform overtime pay policy that compensated employees at a rate greater than their regular rate of pay, but far less than one and one-half times such regular pay, in direct violation of the FLSA and Pennsylvania state law.

18. For example, Plaintiff's regular pay rate was $11.00 per hour, yet he was paid only $12.00 per hour for overtime hours.

19. Around March 2017, Defendant changed its overtime pay practices. After that change, Plaintiff was compensated at $16.50 per hour for overtime hours.

20. To date, Plaintiff and others similarly situated individuals have not received the full overtime wages to which they are entitled.

21. Plaintiff routinely worked eighty or more hours per week (twelve hours per day, seven days per week) from the time he started his employment with Defendant.

22. Plaintiff has not received any pay for work he performed for Defendant from approximately July 15 to July 20, 2017.

23. While Plaintiff is unable to state at this time the exact amount owed him and other individuals, Plaintiff believes such information will become available during the course of discovery.

24. In any event, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony. The employer has the burden of overcoming such testimony. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

## CLASS & COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the FLSA, on behalf of the following similarly situated persons:

> All current and former employees who have worked for Defendant as in-home healthcare workers within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("FLSA Collective Class").

26. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).

27. Plaintiff also brings this action as a state-wide class action to recover unpaid wages, pursuant to Pennsylvania state law, on behalf of the following class:

> All current and former employees who have worked for Defendant as in-home healthcare workers in the Commonwealth of Pennsylvania during the statutory period covered by this Complaint (the "PA Class").

28. The claims brought pursuant to PA law may be pursued by all similarly-situated persons who do not opt out of the PA Class pursuant to Fed. R. Civ. P. 23.

29. Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable. While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are over fifty individuals in each of the Classes.

30. Defendant has acted or has refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

31. The claims of Plaintiff are typical of the claims of the Classes he seeks to represent. Plaintiff and the members of the Classes work or have worked for Defendant and were subject to the same overtime compensation policies and practices,

32. Common questions of law and fact exist as to the Classes that predominate over any questions only affecting the class members individually and include, but are not limited to, the following:

    (a) whether Defendant has failed to pay properly calculated overtime compensation for all hours worked in excess of 40 per workweek;

    (b) whether Plaintiff and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

    (c) whether Plaintiff and members of the Classes are entitled to restitution; and

    (d) whether Defendant is liable for attorney's fees and costs.

33.     Plaintiff will fairly and adequately protect the interests of the Classes as his interests are in alignment with those of the members of the Classes.  Plaintiff has no interests adverse to the classes he seeks to represent, and has retained competent and experienced counsel.

34.     The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

35.     Plaintiff and the Classes he seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's overtime pay practices.

36.     Defendant has acted willfully and has engaged in a continuing violation of the FLSA and PA State Laws.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT OVERTIME WAGE VIOLATIONS
**(On Behalf of the FLSA Collective Class)**

37.     Plaintiff, on behalf of himself and the FLSA Class Members, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

38.     At all relevant times, Defendant has had gross revenues in excess of $500,000. According to a website maintained by the Pennsylvania Department of Human Services, Defendant received at least $3 million in reimbursements from the state of Pennsylvania in 2016.[1]

---

[1] The information is viewable by selecting "1 Person At A Time LLC" in the "Provider Name" search field at this address:
http://www.dhs.pa.gov/learnaboutdhs/wheredotaxdollarsgo/providerreimbursement/index.htm

39. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40. At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the FLSA Collective Class Members within the meaning of the FLSA.

41. At relevant times in the period encompassed by this Complaint, Defendant had, and maintained, a willful policy and practice of refusing to pay the correct amount of premium overtime compensation for all hours worked in excess of 40 hours per workweek. Defendant's violation of the FLSA is willful.

42. Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.* The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

43. Due to Defendant's FLSA violations, Plaintiff, on behalf of himself and the members of the FLSA Collective Class, are entitled to recover from Defendant, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## PENNSYLVANIA MINIMUM WAGE ACT– OVERTIME WAGE VIOLATIONS
(On Behalf of the PA Class)

44. Plaintiff, on behalf of himself and the PA Class Members, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

45. At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the PA Class Members within the meaning of the PMWA.

46. At relevant times in the period encompassed by this Complaint, Defendant had, and maintained, a willful policy and practice of refusing to pay the correct amount of premium overtime compensation for all hours worked in excess of 40 hours per workweek.

47. Defendant has violated, and continues to violate, the PMWA, 43 Pa. C.S.C. § 333.101 *et seq.*

48. Due to the Defendant's violations, Plaintiff, on behalf of himself and the members of the PA Class, are entitled to recover from Defendant the amount of unpaid overtime wages, attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### PENNSYLVANIA WAGE PAYMENT COLLECTION LAW
**(On Behalf of the PA Class)**

49. Plaintiff, on behalf of himself and the PA Class Members, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

50. At all relevant times, Defendant has employed, and/or continue to employ, Plaintiff and each of the PA Class Members within the meaning of the WPCL.

51. Plaintiff and the PA Class Members worked for Defendant with the clear understanding and agreement by Defendant that compensation would be consistent with all applicable laws, including federal and state wage and hour laws.

52. Pursuant to the WPCL, 43 Pa. S. § 260.1 *et seq.* Plaintiff and the members of the PA Class were entitled to receive all compensation due and owing to them on their regular payday.

53. For a significant period of time prior to approximately March 2017, Defendant failed to pay Plaintiff and the members of the PA Class the correct amount of overtime premiums due and owing to them on their regular paydays.

54. Defendant has not paid Plaintiff at all for work performed between July 15 and July 20, 2017. The regular payday for that pay period was no later than August 4, 2017.

55. As a result of Defendant's unlawful policies, Plaintiff and the members of the PA Class have been deprived of compensation due and owing, which Defendant promised to pay in its commitment to abide by applicable wage and hour law.

56. Plaintiff, on behalf of himself and the members of the PA Class, are entitled to recover from Defendants the amount of unpaid compensation, and an additional amount of 25% of the unpaid compensation as liquidated damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and/or on behalf of himself and all other similarly situated members of the FLSA Collective Class and members of the PA Class:

A. Designation of this action as a collective action on behalf of the FLSA Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b);

B. Certification of the action as a class action under F.R.C.P. 23 on behalf of the PA Class;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, PMWA and WPCL;

D. An award of unpaid overtime wages to Plaintiff and the members of the Classes;

E. Restitution of wages and gratuities improperly retained by Defendant;

F. An award of liquidated damages to Plaintiff and members of the Classes;

G. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

H.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

| | |
|---|---|
| Dated: August 10, 2017 | */s/ Gary F. Lynch*<br>Gary F. Lynch<br>Jamisen Etzel<br>Kevin Abramowicz<br>CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP<br>1133 Penn Avenue, 5th Floor<br>Pittsburgh, PA 15232<br>(p) (412)322-9243<br>glynch@carlsonlynch.com<br>jetzel@carlsonlynch.com<br>kabramowicz@carlsonlynch.com<br><br>*Attorneys for Plaintiff* |