# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK WHITE, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 2:17-cv-01047 |
| ) | Honorable Nora Barry Fischer |
| v. ) ) | |
| 1 PERSON AT A TIME, LLC, ) ) ) | *ELECTRONICALLY FILED* |
| Defendant. ) | |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Plaintiff (as defined below) and Defendant (as defined below) STIPULATE and AGREE as follows:

1. **Definitions.** The following terms will have the following meanings:

"**Administrator**" means a Claims Administrator determined by Defendant to assist in facilitating the settlement distribution and satisfying the notice requirements.

"**Action**" means the above-captioned class action lawsuit.

"**Agreement**" means this "Class Action Settlement Agreement and Release."

"**Class Counsel**" means Carlson Lynch Sweet Kilpela & Carpenter LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222.

"**Class Members**" means all employees who have worked for Defendant as in-home healthcare workers during the class period.

"**Class Period**" means the period from January 3, 2015 through August 10, 2017.

"**Court**" means the United States District Court for the Western District of Pennsylvania.

"**Defendant**" means 1 Person At A Time, LLC.

"**Defense Counsel**" means Jackson Lewis P.C. (Pittsburgh, PA).

"**Effective Date**" means the later of (a) thirty-one (31) calendar days after the Final Approval Date or (b) if the Court's final approval order is the subject of an appeal and upheld on appeal, one day after the final resolution of the appeal.

"**Final Approval Date**" means the date on which the Court enters an order granting final approval of the Settlement.

"**Net Settlement Fund**" means $33,500.00 subtracted by any Court-approved service award and attorney's fees/expenses. For instance, if the Court approves a $1,000.00 service award and $7,500.00 in fees and expenses, then the Net Settlement Fund will equal $25,000.00.

"**Notice Form**" means the document entitled "Class Action Settlement Notice" and attached as Exhibit A.

"**Participating Class Members**" means all Class Members who do not exclude themselves from this Settlement pursuant to Paragraph 8.

"**Parties**" refers jointly to Plaintiff and Defendant.

"**Payout Amount**" means, for each Participating Class Member, the amount resulting from the following formula: [(Class Period Days During Which Participating Class Member Worked / (Class Period Days During Which All Participating Class Members Worked)] X [Net Settlement Fund].

"**Plaintiff**" means Mark White, the named-plaintiff in this action.

"**Preliminary Approval Date**" means the date on which the Court enters the order preliminarily approving the Settlement.

"**Released Parties**" means Defendant and any of its parents, partners, subsidiaries, affiliates, predecessors, agents, employees, successors, heirs, spouses, administrators, executors, partners, assigns, representatives, or other persons or entities acting on its behalf.

"**Settlement**" means the terms and conditions described in this Agreement.

"**Settlement Fund**" means a non-reversionary fund of $33,500, which will be used to cover Payout Amounts to Participating Class Members, a service award to Plaintiff, and attorneys' fees and costs to Class Counsel.

2. **Maximum Settlement Amount.** Defendant's maximum total payment under this Settlement will not under any circumstances exceed $33,500.00 plus any employer-side taxes or withholdings associated with Defendant's issuance of payroll checks to Participating Class Members pursuant to Paragraph 9 below, and any notice costs pursuant to Paragraph 12 below. Defendant may unilaterally revoke this Agreement if future circumstances require them to pay an amount greater than this Maximum Settlement Amount.

3. **Condition Precedent.** This Settlement is conditioned on the passage of the Effective Date.

4. **Release.** Upon passage of the Effective Date, each Participating Class Member (on behalf of himself/herself and his/her heirs, spouses, administrators, executors, assigns, and representatives) releases and forever discharges the Released Parties from all legal or equitable claims arising prior to August 10, 2014 that were asserted in or reasonably related to the Action, including such claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, et seq., the Pennsylvania Wage Payment & Collection Law, 43 P.S. §§ 260.1, et seq., or any other federal, state, or local statute, regulation, rule, or common law theory.

5. **Preliminary Approval Motion.** Upon the execution of this Agreement, Class Counsel will file with the Court an unopposed motion seeking entry of an order preliminarily approving the Settlement, authorizing distribution of the Notice Form to the Class Members, and scheduling a final approval hearing.

6. **Class Notice**. No later than three (3) business days after the Preliminary Approval Date, Defendant will provide to Class Counsel and the Administrator an Excel spreadsheet listing each Class Member's last known residential address. No later than six (6) business days after the Preliminary Approval Date, the Administrator will mail the Notice Form to each Class Member. If the Postal Service returns any Notice Form with a forwarding address, the Administrator will promptly re-mail the form to the forwarding address. If the Postal Service returns any Notice Form without a forwarding address, the Administrator will make all good faith and reasonable efforts to obtain the Class Member's current mailing address and will promptly re-mail the Notice Form to any updated address.

7. **Objections**. Class Members desiring to object to the Settlement must do so in writing in the manner described in the Notice Form. All objections must be postmarked on or before forty-nine (49) calendar days after the Preliminary Approval Date. Class Counsel will promptly file all written objections with the Court.

8. **Exclusion from Settlement**. Class Members desiring to exclude themselves from the Settlement must do so in writing in the manner described in the Notice Form. All exclusion requests must be postmarked on or before forty-nine (49) calendar days after the Preliminary Approval Date. Class Counsel will promptly file all exclusion requests with the Court. Class Members who submit timely exclusion requests are not bound by or subject to the Settlement.

9. **Payments to Participating Class Members.** At the conclusion of and in conjunction with the first complete payroll cycle following the Effective Date, Defendant will issue to each Participating Class Member a payroll check reflecting his/her Payout Amount. Defendant, pursuant to its ordinary payroll practices, will withhold from each payroll check any

taxes and withholdings ordinarily borne by employees.[1] Defendant will promptly deliver the payroll checks to the Administrator for distribution to the Participating Class Members. Within five (5) business days of receiving the payroll checks (and, where applicable, IRS W-2 Forms) from Defendant, the Administrator will mail to each Participating Class Member his/her payroll check (and, where applicable, an IRS W-2 Form). If the Postal Service returns any check with a forwarding address, the Administrator will promptly re-mail the check to the forwarding address. If the Postal Service returns any check without a forwarding address, the Administrator will make all good faith and reasonable efforts to obtain the Participating Class Member's current mailing address and will promptly re-mail the check to any updated address. Checks that remain uncashed 140 calendar days after the Effective Date will be null and void, and will be sent to Meals on Wheels of Southwestern Pennsylvania.

10. **Payment of Plaintiff's Requested Service Award.** Plaintiff will seek (and Defendant will not oppose) Court approval of a service award of up to $1,000.00. Within three (3) business days after the Effective Date, Defendant will mail to Class Counsel (a) a non-payroll check made payable to Plaintiff and equaling any Court-approved service award and (b) an IRS 1099 Form reflecting this payment. Plaintiff is solely responsible for the payment of any taxes associated with any service award payment.

11. **Payment of Class Counsel's Requested Fees and Expenses.** Class Counsel will seek (and Defendants will not oppose) Court approval of fees and expenses of up to $7,500.00. Within three (3) business days after the Effective Date, Defendant will mail to Class Counsel (a) a non-payroll check made payable to Class Counsel and equaling any Court-approved fees and

---

[1] Defendant will not withhold any taxes or withholdings ordinarily borne by employers (*e.g.*, employer's FICA contributions). Such employer-side taxes and withholdings will be paid by Defendant in addition to each Participating Class Member's Payout Amount.

expenses and (b) an IRS 1099 Form reflecting this payment. Class Counsel is solely responsible for the payment of any taxes associated with this payment.

12. **Payment of the Administrator's Fees and Expenses.** Defendant is solely responsible for the payment of any fees or expenses charged by the Administrator.

13. **Final Approval Motion.** Within fifty-six (56) calendar days of the Preliminary Approval Date, Class Counsel will file with the Court an unopposed motion seeking entry of an order certifying a settlement class, granting final approval of the Settlement and the associated service award and attorney's fees and expenses, and dismissing the Action with prejudice.

14. **Entire Agreement.** This Agreement embodies the entire agreement between the Parties, which controls over any prior communications regarding the Settlement. In entering into the Settlement, no Party has relied on any representations not explicitly contained in this Agreement.

15. **Successors.** The Settlement and this Agreement will inure to the benefit of and be binding upon the Parties' heirs and successors.

16. **No Admissions.** Nothing in this Agreement constitutes an admission or suggestion of liability by any Party. Defendant denies any wrongdoing and continues to assert that, absent this Settlement, it ultimately would prevail in the Action.

17. **Court Approval Not Obtained.** If the Court does not approve the Settlement, the Parties' litigation positions will return to the status quo ante and, for example, Defendant will not have waived, compromised, or impacted any objections or defenses to Plaintiff's claims or the propriety of class-wide litigation.

18. **Duty to Defend.** The Parties and their counsel will support the Agreement against any legal challenge.

19. **Warranty of Authority**. Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

20. **Evidentiary Privilege**. This Agreement and all associated negotiations are covered by Federal Rule of Evidence 408.

21. **Applicable Law**. This Agreement is governed and construed pursuant to Pennsylvania law.

22. **Written Modifications**. This Agreement may not be modified except by a written agreement signed by all Parties and approved by the Court.

23. **Execution**. This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____          4/5/18
Mark White                                Date

_____          4/6/18
For Carlson Lynch Sweet Kilpela &         Date
Carpenter LLP

_____          4-12-18
For 1 Person At A Time, LLC               Date

_____          04/10/18
Jackson Lewis P.C.                        Date