UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK WHITE, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Civil Action No. 2:17-cv-01047 ) ) Honorable Nora Barry Fischer |
| v. | ) ) *ELECTRONICALLY FILED* |
| 1 PERSON AT A TIME, LLC, | ) ) |
| Defendant. | ) ) |

## [PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL, ATTORNEYS' FEES AND INCENTIVE AWARD

WHEREAS, the Court has considered Plaintiff's Motion for Final Approval, Attorneys' Fees and Incentive Award, and the memorandum and supporting materials filed therewith.

IT IS HEREBY ORDERED:

1. After reviewing the pleadings and the papers supporting preliminary and final approval, the Court confirms that the proposed settlement class is proper and should be certified as follows: "All current and former employees who have worked for Defendant as in-home healthcare workers from January 3, 2015 through August 10, 2017."

2. The Court further confirms that: (1) the class is so numerous that joinder is impracticable; (2) questions of law and fact are common to the class; (3) the claims of the Representative Plaintiff, Mark White, are typical of the claims of the class; (4) the Representative Plaintiff will fairly and adequately protect the interests of the class; (5) the common questions of law and fact predominate over any individual questions; and (6) the class action mechanism is the best means for protecting the interests of all of the class members.

3. The Court appoints Gary F. Lynch, Jamisen A. Etzel, and Kevin Abramowicz of Carlson Lynch Sweet Kilpela & Carpenter LLP as class counsel.

4. The Court finds that the notice plan previously approved by the Court was implemented appropriately and comported with the requirements of the federal rules, the class members' due process rights, and the principles of fairness.

5. The Court finds the proposed settlement fair, reasonable, and adequate as required by Fed. R. Civ. P. 23(e), and in light of: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

6. The Court therefore approves the settlement as a fair, reasonable, and adequate compromise of a bona fide dispute over the application of the Fair Labor Standards Act and Pennsylvania wage-and-hour law. The settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation.

7. Furthermore, the court approves the attorneys' fees of $7,500 as the Court finds that award is reasonable as required by Fed. R. Civ. P. 23(h), and in light of: (1) the size of the fund created and the number of beneficiaries; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; (7) the awards in similar cases; (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting

investigations; (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained; and (10) any innovative terms of settlement.

8. The Court also approves the award of $1,000 as an incentive award to named Plaintiff Mark White, and finds the payment is reasonable in light of the time, effort, and risks borne by Mr. White in bringing this action to resolution.

9. As no objections to the settlement have been filed, the "Effective Date" for purpose of the settlement agreement is the date of this order.

10. The Court hereby orders that the settlement fund as set forth in the settlement agreement shall be distributed as follows: $25,000 to the class members; $7,500 to class counsel to cover attorneys' fees; and $1,000 to the named Plaintiff, Mark White, as an incentive award.

11. The Court further orders payments to the class members from the net settlement fund shall be determined based on Paragraph 1 of the settlement agreement and shall be distributed in accordance with Paragraph 9 of the settlement agreement.

12. In exchange for this relief, the class members release the claims identified in Paragraph 4 of the settlement agreement.

13. Payment of Plaintiff Mark White's incentive award and counsel's attorneys' fees shall be made in accordance with Paragraph's 10 and 11 of the settlement agreement.

14. Defendant is solely responsible for payment of any fees or expenses related to notice and distribution of the class settlement and any fees or expenses charged by a settlement administrator.

15. This case is hereby dismissed with prejudice, and the Clerk is directed to close the case and enter judgment.

16. The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of the Settlement.

DATED: June 14, 2018

/s/ Nora Barry Fischer

United States District Judge